# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | Case No. 1:07CR00039 |
| v. | ) ) ) | **OPINION** |
| **VANESSA DAWN WILLIS**, | ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) |  |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Vanessa Dawn Willis, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the motion is untimely filed and that the defendant has not demonstrated any grounds for equitable tolling.

I

A grand jury of this court returned a five-count Indictment on June 5, 2007, charging Vanessa Dawn Willis with two counts of aggravated identity theft, two counts of mail fraud, and access device fraud. An Assistant Federal Public Defender ("AFPD") was appointed to represent Willis.

Willis pleaded guilty to the Indictment without a written plea agreement on October 4, 2007. I sentenced Willis on July 7, 2008 to a total term of imprisonment of 48 months. No appeal was filed.

After Willis had begun serving her sentence, a grand jury of this court returned a second multi-count Indictment against Willis on March 3, 2009, docketed as Case No. 1:09CR00013 (the "Second Case"). This time she was charged with aggravated identity theft, use of a false Social Security number, wire fraud, and mail fraud. A Superseding Indictment issued on June 2, 2009, adding a count of structuring financial transactions. In this Second Case, Willis retained attorney Barry Proctor to represent her.

Proctor filed a motion to suppress the evidence and to continue the trial. Ultimately, Willis pleaded guilty on August 7, 2009, pursuant to a written Plea Agreement, to all six counts of the Superseding Indictment in the Second Case. By a provision in the agreement, Willis waived her right to appeal and her right to collaterally attack the judgment. No appeal was filed.

On August 6, 2010, Willis filed the present § 2255 motion. In her motion, she alleges prosecutorial misconduct, ineffective assistance by trial counsel, including failure to file a suppression motion, and ineffective assistance by habeas counsel. The court notified Willis that her § 2255 motion appeared to be untimely filed and granted

her an opportunity to file additional information on this issue, which she did. The government has filed a motion to dismiss, arguing that the § 2255 motion must be dismissed as untimely, and Willis has responded, making the matter ripe for disposition.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f). A defendant's conviction becomes final when her opportunity to appeal the district court's judgment expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Because no appeal was filed from the judgment entered on July 8, 2008, the convictions in the case became final on July 22, 2008.¹ Willis then had until July 22, 2009 to file a timely § 2255 motion. She filed her § 2255 motion on August 6, 2010, outside the one-year filing period in § 2255(f)(1). Therefore, unless she demonstrates that her filing period should be calculated under one of the other subsections of § 2255(f) or that she is entitled to equitable tolling, I must dismiss this action as time barred.

A. Ineffective Assistance by Habeas Counsel.

In her first § 2255 claim, Willis asserts that she retained Proctor to file a § 2255 motion on her behalf, but he provided ineffective assistance by failing to carry out this obligation.² She argues that this claim is timely under § 2255(f)(4) because she

---

¹ Under the version of Fed. R. App. P. 4(b) in effect in July 2008, a defendant had 10 days from the entry of the judgment to submit a notice of appeal, excluding weekends and holidays, pursuant to Fed. R. App. P. 26(a)(1). In 2009, amendments to the rules changed the appeal period to 14 days, counting weekends and holidays, but ending on a business day.

² In support of this claim, Willis and her mother have filed affidavits relating their version of events, as follows. From the beginning of his representation in the Second Case, Willis told Proctor she wanted him to file a § 2255 motion in the easrlier case. Proctor told her she had "significant grounds" for § 2255 relief, discussed these grounds and took notes when he met with Willis, and repeatedly assured her and her mother that he was preparing

filed it within one year of October 16, 2008, the date on which she first learned that

Proctor had not filed a § 2255 in this case.

---

and would file a timely § 2255 motion by the July 2009 deadline. Willis herself prepared documents for Proctor to use in support of the § 2255 motion, and her mother delivered these documents to Proctor's office on July 5, 2009. When the mother called Proctor's office on July 7, 2009, to remind him of the upcoming filing deadline, his staff said that Proctor had taken the documents to the basement where he was working. At some point Proctor had told Willis that he could get an extension of time to file the § 2255 after the one-year deadline, so she assumed he had gotten such an extension.

Willis also submits a copy of a statement for legal services that Proctor sent to her in February 2010, on which Willis has indicated with asterisks the notes, conversations, and telephone calls that purportedly pertained to Proctor's research and preparation of her § 2255 claims. The document does not state, however, that Proctor was retained to prepare a § 2255 motion. Willis asserts that after her sentencing hearing on October 16, 2009, she learned that Proctor had not filed a § 2255 motion or obtained an extension for doing so. She alleges that Proctor told her to "file ineffective counsel" on him.

Proctor, on the other hand, has submitted an affidavit in support of the government's Motion to Dismiss. He states:

> I discussed with Ms. Willis the previous case in which [the AFPD] represented her. Ms. Willis advised me of her intention to file a[n] ineffective assistance of counsel complaint against [the AFPD], and advised me that she was aware of a deadline of July 7, 2009 [sic] for the complaint to be filed. I at no time indicated that I would file such a complaint on Ms. Willis' behalf, but would discuss with [the AFPD] issues that arose in that earlier case to the extent that they pertained to the charges on which I was retained to represent her.
>
> . . . .
>
> Since I was not directly involved in the earlier prosecution, I would not give an opinion concerning [the AFPD's] representation of Ms. Willis. . . ."

(Proctor Aff. 2-3, Sept. 16, 2010.)

Even assuming this claim is timely under § 2255(f)(4), it cannot provide grounds for relief under § 2255. To state a claim for relief under § 2255, a federal defendant must prove that her sentence was "imposed in violation of the Constitution or laws of the United States," the court had no jurisdiction to impose the sentence, or the sentence exceeded the statutory maximum or "is otherwise subject to collateral attack." A defendant seeking to bring a § 2255 motion has no constitutional right to court-appointed counsel for that purpose. *United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001). With regard to a proceeding in which the defendant had no constitutional right to counsel, she has no claim that counsel provided constitutionally ineffective assistance. *See Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003).

Willis had a constitutional right to counsel to assist her in the criminal proceedings in the Second Case, and if she had not retained Proctor for this purpose, the court would have appointed counsel for her in that case. However, Willis had no constitutional right to counsel to assist her in bringing a collateral attack under § 2255 against the judgment in the earlier case. Even if she could prove that she retained Proctor to file a § 2255 in this case, Proctor's alleged ineffectiveness as habeas counsel cannot rise to constitutional proportions, because Willis had no constitutional right to his assistance in § 2255 proceedings. Accordingly, I will deny relief on Willis' claim of ineffective assistance by habeas counsel.

B. Equitable Tolling based on Habeas Counsel's Ineffectiveness.

Equitable tolling is available only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a defendant seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *Rouse*, 339 F.3d at 246.

As to her § 2255 claims alleging ineffective assistance by the AFPD and prosecutorial misconduct, Willis argues that Proctor's promises to file a § 2255 on her behalf misled her into relying on him to do so in a timely manner, creating an extraordinary circumstance warranting invocation of equitable tolling of the filing period under § 2255(f)(1).[3] I cannot agree that equitable tolling applies here.

For purposes of this opinion, I will assume that Willis retained attorney Proctor to file a timely § 2255 motion and that he failed to do so. The United States Court of

---

[3] Willis asserts that she pleaded guilty in the second case based on Proctor's promise to file a § 2255 in this case. Because Willis' current motion is not challenging the judgment in the Second Case, however, any claim that her guilty plea in that case was involuntary cannot be addressed in this § 2255 proceeding.

Appeals for the Fourth Circuit has held that negligence or "'a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding.'" *Rouse*, 339 F.3d at 248 (quoting *Harris*, 209 F.3d at 331, and citing other circuits). Moreover, because counsel acts as the client's agent, any error by counsel short of constitutionally ineffective representation is attributable to the client under agency principles. *Id.* at 249. Thus, counsel's actions on his client's behalf do not present circumstances external to the party's own conduct, as required to invoke equitable tolling. *Id.*[4]

Under these principles, I cannot find that Willis' allegations about Proctor's promises to file a § 2255 present an extraordinary circumstance warranting application of equitable tolling. At the most, she alleges that Proctor was negligent in his failure to follow through on a verbal agreement to file a § 2255 motion and in his advice to her that an extension of time to file such a motion was available. By retaining Proctor to file her § 2255 motion, however, Willis made him her agent and as such, any

---

[4] *See also Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991) (explaining that attorney error, short of ineffective assistance of counsel, is, under standard principles of agency, attributable to the client); *Murray v. Carrier*, 477 U.S. 478, 488 (1986) ("[A] defendant [who] is represented by counsel whose performance is not constitutionally ineffective . . . bear[s] the risk of attorney error . . . ."); *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990) ("Under our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (internal quotation marks and citations omitted)).

negligent actions on his part with regard to the § 2255 are attributable to Willis herself.  By hiring him to file a document that she could have filed herself, she assumed the risk that he would make errors, including the possibility that he would fail altogether to carry out the assigned task.  Therefore, Proctor's failure to file a timely § 2255 is not a circumstance external to Willis.

I further find that Willis did not exercise due diligence in vindicating her rights here.  She knew the facts necessary to file the § 2255 and has proven herself to be capable of filing detailed affidavits and legal briefs.  She also knew in early July 2009, as her § 2255 filing deadline approached, that Proctor had not filed the pleading, yet did not attempt to file the § 2255 motion or a motion for extension of time on her own.  Between July and October 2009, she claims that she simply believed, without any documentation, that Proctor had filed the § 2255 claims or a motion for extension.  Yet, her submissions and the record offer no indication that she or her mother checked with the court during this period to verify that any such motion had been filed on her behalf.  Finally, even after she learned on the day of sentencing, October 16, 2009, that Proctor had not filed and would not be filing a § 2255 motion, she took no action to protect her § 2255 rights.  She did nothing to notify the court of her intention to file a § 2255 motion or immediately submit a motion.  Instead, despite her knowledge of the July 2009 deadline under § 2255(f)(1), Willis waited nearly ten months before

filing her § 2255 motion with the court in August 2010. All told, I cannot characterize her actions as sufficiently diligent so as to warrant equitable tolling.

III

For the stated reasons, I find that the defendant's § 2255 motion is untimely under § 2255(f), that she has failed to demonstrate any ground for equitable tolling, and that her claim of ineffective assistance by habeas counsel states no ground for relief under § 2255. Therefore, I will grant the Motion to Dismiss and deny the defendant's § 2255 motion.

A separate Final Order will be entered herewith.

DATED: March 27, 2011

/s/ JAMES P. JONES
United States District Judge